## LAKE v. MILLER.

*Appeal from Lee Circuit Court — Saturday, April 22.*

PRACTICE — OBJECTIONS TO EVIDENCE.

PLAINTIFF sues, as assignee by delivery, for a valuable consideration, before due, of a note, as follows, to wit: " On or before the first day of April, 1869, for value received, I, the subscriber, of Harrison T'p., county of Lee, State of Iowa, promise to pay Alfred Ingalls, or bearer, two hundred and fifty dollars, it being for the profits on ten seeders, with interest at ten per cent. And I further agree to pay a reasonable attorney fee in case it is necessary to bring suit to collect the same.

his
" JAMES × MILLER."
mark.

" Witness: T. J. LINCOLN."

The defendant for answer denies that he signed the instrument sued on as a note, and, by way of a cross bill in equity, says that the petitioner and others are confederated together under the pretense of making and selling seeders and cultivators, to cheat and defraud persons in Iowa and other States, by misrepresentation and fraud; and that he was induced to sign the instrument sued upon on account of deceit, fraud and misrepresentation; and that he never received a seeder or cultivator, etc.

The cause was tried by the court, who submitted a finding of facts, and rendered judgment for defendant. Plaintiff appeals.

*W. B. Collins* for the appellant — *D. F. Miller* and *F. Semple* for the appellee.

DAY, Ch. J.— I. The first error assigned is, that the plaintiff was taken by surprise, which no ordinary prudence could prevent, for the reason that the court permitted the defendant to testify that the note sued on was not duly stamped at the time it was issued and signed by him.

The argument of plaintiff is that the lack of a stamp, at the time

of signing a note, is an affirmative defense which, like fraud, must be specially pleaded.

The abstract does not disclose upon what ground this testimony was objected to, or whether any ground of objection was stated in the court below. It would be manifestly improper, where evidence is admitted over a general objection, and the attention of the court not directed to the issues, to permit a party to insist in the appellate court, that the evidence took him by surprise because the issue was not broad enough to admit the testimony.

The specific objection would probably lead to an amendment of the pleadings, and then if the opposite party could show a prejudice therefrom he would be entitled to a continuance. Rev., § 2979. And either an admission of the testimony without amendment, or a refusal, in a proper case, to grant a continuance in consequence of the amendment, if excepted to at the time, would constitute error which might here be reviewed. But when no ground of objection to testimony is stated, it does not seem to us that the attention of the court is directed to any question, the ruling upon which can be assigned as error. Rev., § 3107; *Childs* v. *McChesney*, 20 Iowa, 431. As it does not appear that, in the court below, objection to this testimony was placed upon the ground urged here, we decline a further consideration of this alleged error.

II. The next error assigned is, that the finding of the court is not sustained by sufficient evidence. The abstract submitted by appellant contains none of the testimony. We are therefore precluded from an investigation of the merits of this assignment.

III. Appellant in his argument considers the third and fourth alleged errors together, and states them to be that the judgment is contrary to law. It is urged, first: that the court erred in admitting the testimony of defendant, when it did not bring a single fact set forth by him home to plaintiff. It does not appear that this or any objection was made in the court below. But this objection is not tenable. Although the testimony of defendant brought no fact home to plaintiff, the testimony of other witnesses may have done so. The testimony of defendant could not be excluded because it did not make out the entire defense.

It is objected, second: That the court erred in holding that the defense of non-stamping is applicable when the plaintiff is a *bona fide* holder for valuable consideration, without notice of fraud. We cannot find from the record before us that the court so held.

As it does not affirmatively appear that there is error in the proceedings of the court below, the judgment is

Affirmed.

MILLER, J., took no part in this decision.